In the Matter of the Claim of FRANCINI M. POLLI, Respondent, against S. HASKEL & SONS, INC., and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law payable to the Special Funds prescribed in subdivisions 8 and 9 of section 15 and section 25-a of this law. The point raised in this court is that the accident which resulted in the employee's death did not arise out of and in the course of the employment. Deceased was employed as a stonecutter on the construction of the Sunrise Highway, Freeport, N. Y., and his hours of employment were from early morning until four-thirty P. M. At about four o'clock in the afternoon he left the place where he was working with the intention of going to the railroad station at Freeport to return his employer's tools to the employer's place of business in Brooklyn. While thus proceeding he was struck by an automobile and received injuries which resulted in his death. The employer's first report of injury states that the decedent was injured in his regular occupation. He had his tools with him and it appears that he was obliged to return these tools to the employer's premises both under a union rule and also under instructions from the employer. The evidence sustains the finding of the State Industrial Board that he was injured while carrying his tools to his employer's place of business and these injuries which resulted in his death arose out of and in the course of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ANTHONY LAUER, Respondent, against JOHN MEENAN and ROYAL INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant for disability sustained in his employment as a bartender by the employer herein in the city of New York. The Board has found that while thus working and while pulling and lifting a heavy piece of ice from an icebox he sustained a strain and ruptured a blood vessel, as a result of which he suffered a cerebral hemorrhage and paralysis of the left side, causing total disability for the period of the award, at the end of which period he was still disabled. The points of the appellant are that claimant did not meet with an accident within the meaning of the law, and that the medical testimony of causal relation between the lifting and paralysis is based upon an assumption of facts for which there is no foundation in the record. The evidence supports the findings of the Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.